## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENISE ANN REVERS,

                Petitioner,               Case Number: 2:14-CV-13421

                                       HONORABLE VICTORIA A. ROBERTS

v.

MILLICENT WARREN,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF
### HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Denise Ann Revers, a prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges her conviction for first-degree home invasion. Respondent argues that the petition should be denied because the claims are without merit and because her third claim is procedurally defaulted.

      The Court denies the petition.

**I.**      **Background**

      Petitioner's convictions arise from a break-in that occurred on February 28, 2010, at the home of Petitioner's ex-boyfriend, James Giganic. The Michigan Court of Appeals provided this summary of the testimony presented at trial:

> The prosecution alleged that defendant and [her husband, Edward] Revers broke into Giganic's home in the early morning hours of February 28, 2010. Giganic was at work during the home invasion but his live-in girlfriend,

Shari Luke, and his roommate, Lance Wilson, were both home and asleep. Luke awoke when she heard noises downstairs. Upon investigation, Luke saw shadows in the living room, assumed it was Wilson and returned to bed. Wilson awoke when he heard someone shut his laptop computer that was sitting on his bedside table. Wilson chased the person out of the room and the perpetrator ran downstairs and out of the house. Wilson saw only the person's shadowy silhouette, but estimated that the person was six feet tall and 180 to 200 pounds Giganic later discovered that an intruder had pried open the home's doorwall. The responding officer discovered several tracks leading from a nearby parking lot to the back of the home, suggesting either that one intruder made several trips between a vehicle and the house or that more than one intruder was involved in the offense.

Two days after the home invasion, defendant took five leather jackets, a vest, and a laptop computer to the home of her daughter, Lisa Marie Vitale. Vitale testified that defendant told her that she and Revers had broken into Giganic's home and stole several items and that two people were home during the offense. Defendant wanted to give Vitale one jacket from the burglary as recompense for Revers breaking into Vitale's home on another occasion. Vitale testified that defendant was vengeful in the years following her break-up with Giganic and that defendant often spoke of trying to steal Giganic's motorcycle.[1] Defendant subsequently visited the home of her other daughter, Candace Parsons. Parsons also testified that defendant told her that she and Revers had broken into Giganic's house and stole several items. Defendant also tried to give stolen items to Parsons. Based on police reports made by Vitale and Parsons, an investigating detective visited defendant's home and discovered the remainder of the items stolen from Giganic's house.

Defendant testified on her own behalf and claimed that Revers committed the home invasion alone. Defendant admitted to possessing the items stolen from Giganic's home, but claimed that her husband acted without her assistance in the burglary and then instructed her to transfer the stolen items to her daughters.

_____

[1] Giganic also testified that defendant reacted poorly to their break-up, repeatedly attempting to reconcile with him and then threatening him with violence.

*People v. Revers*, No. 308989, 2013 WL 1442203, *1-2 (Mich. Ct. App. Apr. 9, 2013).

2

Petitioner was convicted by a jury in Macomb County Circuit Court of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). On February 4, 2012, she was sentenced to 9 to 20 years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence supported her convictions; (ii) offense variables 4 and 10 were incorrectly scored; and (iii) the trial court based her sentence on inaccurate information. Petitioner also filed a motion to remand for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (Mich. 1973). The Michigan Court of Appeals affirmed her conviction and denied the motion for remand. *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals and an additional claim that the Michigan Court of Appeals erred in denying her motion to remand. The Michigan Supreme Court denied leave to appeal. *People v. Revers*, 495 Mich. 854 (Mich. Sept. 13, 2013).

Petitioner then filed this habeas corpus petition. She raises these claims:

I.  The trial court unlawfully deprived Revers of her due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it entered a judgment of conviction and sentence on evidence that is insufficient to support the conviction.

II. The trial court unlawfully deprived Revers of her due process, equal protection, and other protected rights under the United States and Michigan Constitutions and reversibly erred when it scored 10 points on OV-4 and 10 points on OV-9.

III. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing Revers to a prison term of 108-240 months on the first-degree home invasion conviction; on plain error and/or ineffective

assistance of counsel grounds.

## II.  Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (per curiam), *quoting Williams v. Taylor*, 529

U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a

federal habeas court to 'grant the writ if the state court identifies the correct governing

legal principle from [the Supreme] Court but unreasonably applies that principle to the

facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), *quoting*

*Williams*, 529 U.S. at 413.  However, "[i]n order for a federal court to find a state court's

application of [Supreme Court] precedent 'unreasonable,' the state court's decision must

4

have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.... As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal

courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir.2003).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

### A. Sufficiency of the Evidence

Petitioner seeks habeas relief on the ground that insufficient evidence was presented to sustain her first-degree home invasion conviction because no eyewitness or physical evidence placed her at Giganic's house on the night of the break in.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th

6

Cir. 2006), quoting *Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson,* 443 U.S. at 319.  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, first-degree home invasion consists of three elements: (1) breaking and entering a dwelling or entering a dwelling without permission; (2) intending when entering to commit a felony, larceny, or assault in the dwelling, or at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault; and (3) while entering, present in, or exiting the dwelling, the defendant is either armed with a dangerous weapon, or another person is lawfully present in the dwelling.  *People v. Wilder*, 485 Mich. 35, 43 (2010).  The Michigan Court of Appeals found sufficient evidence was presented for a jury to find beyond a reasonable doubt that Petitioner was involved in the home invasion.  *Revers*, 2013 WL 1442203 at *2.  In reaching its decision, the state court relied on the following evidence:  the testimony of Petitioner's two daughters, both of whom testified that, after the home invasion, Petitioner admitted

7

her involvement to them and offered each items stolen from Giganic's home; items stolen from Giganic's home were found inside Petitioner's home; and, footprints observed by police outside Giganic's home indicated that there may have been more than one perpetrator. *Id.*

The evidence relied upon by the Michigan Court of Appeals amply supports its decision on the sufficiency of the evidence. Petitioner argues that the Michigan Court of Appeals' decision is unreasonable because no direct evidence placed her inside Giganic's home at the time of the break-in. The jury, however, was free to conclude from Petitioner's daughters' testimony and Petitioner's possession of stolen goods, that Petitioner participated in the home invasion. According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to prove the conspiracy conviction did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B. Sentencing-Related Claims

Petitioner's second and third claims for habeas relief relate to her sentence. She argues that the trial court improperly scored ten points for offense variables 4 and 9. She also argues that the trial court improperly failed to consider several mitigating factors when imposing her sentence and that her attorney was ineffective in failing to object.

8

The Michigan Court of Appeals held that a sufficient factual basis supported the scoring of offense variables 4 and 9. *Revers,* 2013 WL 1442203, at *2-3. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's argument that the state court erred in scoring her sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Habeas corpus relief is not available for this claim.

Petitioner's claims that the trial court improperly failed to consider mitigating evidence in sentencing her and that her attorney was ineffective in failing to object are also meritless. First, the trial court's alleged failure to consider mitigating evidence fails to state a federal constitutional claim. Generally, a non-capital sentence that falls within statutory limits (as Petitioner's sentence does) is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized

9

sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). The Constitution does not require a sentencing court to consider mitigating circumstances in non-capital cases. *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990). *Accord United States v. Walker*, 506 F. App'x 482, 490 (6th Cir. 2012), citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) ("[T]he Eighth Amendment does not require a consideration of a defendant's mitigating factors in a non-capital case."). In addition, any alleged violation of the Michigan Constitution is not cognizable on habeas review because habeas review is limited to alleged violations of the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Moreover, the Michigan Court of Appeals held that the record showed that the trial court considered Petitioner's substance abuse history and that, contrary to Petitioner's assertions, Petitioner did not have strong family support that would have supported a downward departure. Petitioner's claim fails to state a federal constitutional claim.

Petitioner also claims that counsel's assistance was ineffective because counsel did not object on the ground that the sentence failed to take into account mitigating factors and the court failed to assess Petitioner's rehabilitative potential. A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Michigan Court of Appeals denied this claim, finding counsel's failure to object reasonable because there was no

reasonable ground upon which counsel could have objected.  *Revers*, 2013 WL 144303 at

*4.  Petitioner has not shown that the trial court's assessment of counsel's performance

was unreasonable.  Because Petitioner fails to establish that the trial court erred in

sentencing her, she cannot establish that counsel was ineffective.  Counsel is not deficient

for failing to make a futile or meritless objections.  *See Coley v. Bagley*, 706 F.3d 741,

752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable

nor prejudicial.").  Habeas relief is not warranted on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  A COA

may be issued "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U .S.C. § 2253(c)(2).  A petitioner must show "that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(citation omitted).  The Court finds that reasonable jurists would not debate the

conclusion that the petition fails to state a claim upon which habeas corpus relief should

be granted.  Therefore, the Court denies a certificate of appealability.

## V.  Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are

**DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

11

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 30, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Denise Ann Revers by electronic means or U.S. Mail on October 30, 2015.

s/Linda Vertriest
Deputy Clerk

12